IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Civil Action No. 2:25-cv-00878-WSH

**HU HAOLIN**,
Plaintiff,

v.

**ALAB STORE, et al**.,
Defendants.

_____/

**EMERGENCY MOTION FOR REMOTE APPEARANCE**

Defendants Bubble Queen (Amazon: A1DIU3XS1FML3M), AYHome (Amazon: A2C9160BX6AK2M), DH household products (Amazon: A2A8NGQI047AMG), linshifan-us (Amazon: AJMW1NC8ARB7E), XMJS US (Amazon: A2H0ASA7MYIXX8), KB KAIBO (Amazon: A1IUV8CUUDBEW), JONEG (Amazon: A2Q55CHK3ALG4F), Dolanus USA (Amazon: A2USPRYM0R3MG7), Beria (Amazon: A3UN2L4SYVGRRG), Getatoy (Amazon: AR8CWIRPWDMY0), SVNVIOZ US (Amazon: A2I9GWIAAIQ477), GOOENG (Amazon: ATHX35N56DEE7), wistism (Amazon: A13PR14FNOTQ7W), ivyholk (Amazon: A3G50C6DJZ8RBD), CONUSEA (Walmart: 102570963), Jugaad Life (Walmart: 101606940), ULEEN Technology Co. Ltd (Walmart: 101261801), and ELITEPATH (TEMU: 741070851254902) (collectively, the "Moving Defendants"), by and through undersigned counsel, respectfully move this Court pursuant to Local Rule 7.1 and the Court's inherent authority for leave to appear remotely via videoconference or teleconference at the Show Cause Hearing scheduled for July 29, 2025, at 1:00 PM (ECF No. 12). In support thereof, the Moving Defendants state as follows:

## I. INTRODUCTION

This case involves allegations of trademark infringement against numerous foreign defendants, including the Moving Defendants, who are all entities based in China. The Moving Defendants have retained undersigned counsel, who is located in Miami, Florida, and admitted *pro hac vice* to practice before this Court. Given the geographical challenges, the nature of the hearing, and the efficiencies afforded by modern technology, the Moving Defendants request permission for undersigned counsel to appear remotely at the upcoming Show Cause Hearing on Plaintiff's Motion for Preliminary Injunction.

## II. BACKGROUND

On July 1, 2025, this Court entered a Temporary Restraining Order (ECF No. 9) and set a Show Cause Hearing for July 21, 2025. On July 14, 2025, the Court granted Plaintiff's motion to extend the TRO and reschedule the hearing to July 29, 2025, at 1:00 PM in Courtroom 3B (ECF No. 12). The Moving Defendants, all residing and operating in China, were served electronically pursuant to the Court's Order authorizing alternative service under Fed. R. Civ. P. 4(f)(3) (ECF No. 8). They have retained undersigned counsel in Miami, Florida, to represent them in this matter.

The Moving Defendants have filed a Response in Opposition (ECF No. 23) to oppose Plaintiff's request for a preliminary injunction, including on grounds of lack of personal jurisdiction, descriptiveness of the alleged mark, and other defenses. However, requiring in-person attendance would impose undue hardship and expense.

### III. ARGUMENT

This Court has broad discretion to permit remote appearances, particularly in light of advancements in videoconferencing technology and post-pandemic judicial practices. See Fed. R. Civ. P. 43(a) (allowing testimony by contemporaneous transmission for "good cause in compelling circumstances"); Local Rule 7.1 (governing motions practice). Courts in this District and elsewhere routinely grant such requests where, as here, travel burdens are significant and no prejudice results. *E.g., Promier Products Inc. v. Gearoz,* No. 2:25-cv-00497-RJC (W.D. Pa.) (permitting remote appearances in similar Schedule A case).

Good cause exists here:

1. Geographical and Logistical Burdens: The Moving Defendants are all located in China, making in-person attendance impossible without extreme cost and visa-related challenges. Undersigned counsel is based in Miami, Florida, over 1,000 miles from Pennsylvania, requiring air travel, lodging, and significant time away from other obligations. Appearing remotely would avoid these burdens without delaying the proceedings.

2. Nature of the Hearing: The Show Cause Hearing involves legal arguments on preliminary injunctive relief, not live witness testimony or physical evidence requiring in-person presence. Remote participation via Zoom or similar platforms would fully allow counsel to present arguments, respond to questions, and observe the proceedings.

3. Efficiency and Judicial Economy: Remote appearance promotes efficiency, reduces costs, and aligns with the Court's interest in expeditious resolution. The hearing can proceed as scheduled without disruption.

4. No Prejudice to Plaintiff or the Court: Plaintiff, represented by local counsel, will not be prejudiced, as remote technology ensures full participation. The Court has successfully conducted numerous remote hearings, and undersigned counsel is prepared to comply with all technical requirements.

## IV. CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court grant this Motion and permit undersigned counsel to appear remotely at the July 29, 2025 Show Cause Hearing.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1006765
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Moving Defendants

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, undersigned counsel certifies that on July 28, 2025, the undersigned has reached out to the opposing counsel several times via phone call number (312) 888-6633, which in Ge Lei's email signature is marked as office phone number, to no avail. The undersigned also sent multiple emails starting from July 26, 2025 until July 28, 2025. However,

no responses were returned. Due to the nature of emergency, the undersigned coordinated with the chamber and files this motion.

/s/ Jianyin Liu
Jianyin Liu, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/ Jianyin Liu
Jianyin Liu, Esq.