IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HU HAOLIN, | ) |
|       Plaintiff, | ) ) ) Civil Action No. 25-878 |
| v. | ) |
| ALAB STORE, *et al.*, | ) ) |
|       Defendants. | ) |

### ORDER OF COURT

On July 29, 2025, this Court held a Show Cause Hearing on Plaintiff's preliminary injunction motion (Docket No. 37). At that time, the Court outlined the history of this case, Ordered that the Temporary Restraining Order ("TRO") remain in place, denied Defendant Ammaaz Mart's Motion to Dismiss (Docket No. 24) as moot, and took Plaintiff's Motion for Preliminary Injunction against certain individuals (Docket No. 21) under advisement. The Court further noted that the Defendants represented by attorney Jianyin Liu, Esq. at the July 29th hearing (hereinafter referred to as the "Opposing Defendants") are subject to imminent deadlines for certain expedited discovery (*see* Docket No. 9, TRO at 11-13).

At this time, upon consideration of Plaintiff's preliminary injunction motion (Docket No. 21), the Opposing Defendants' Response in Opposition (Docket No. 23), Plaintiff's Reply (Docket No. 32), and counsels' remarks on the record at the show cause hearing on July 29th,

IT IS HEREBY ORDERED THAT, **by close of business on August 14, 2025**, the parties shall supplement their briefing on the preliminary injunction motion with additional supporting documents in accordance with Fed. R. Civ. P. 65 and Section II (F) of this Judicial Officer's published Practices and Procedures. Such supplemental submissions MUST address:

1. For each Defendant, whether Plaintiff previously brought any action, claim, or proceeding in any court or tribunal in which Plaintiff sought to enforce the same trademark against the same Defendant.

2. For each Defendant against whom an earlier action, claim, or proceeding has been brought, identify (a) the court(s) or tribunal(s) in which such claim was brought; (b) the case number of such action; (c) the trademark that Plaintiff sought to enforce (identified by trademark registration number and description); and (d) the current status of such action as to each Defendant.

3. For each Defendant, identify the factual and legal basis for the Court's personal jurisdiction, stating with specificity each Defendant's contacts with Pennsylvania and the United States, including known sales of the putatively infringing product(s) (or, in the absence of such data, a good faith estimate thereof). *See Forcel Media Limited v. DECYI*, No. 25-750, 2025 WL 1665589, at *2 (W.D. Pa. June 12, 2025) (explaining that mere operation of a store on an e-commerce website will not show "purposeful availment" of a forum (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003)))[1]; *see also Nifty Home Prods. Inc. v. Ladynana US*, No. 23-1332, 2024 WL 4987245, at *3 (3d Cir. Dec. 5, 2024) (explaining that certain defendants had "at least a colorable argument" that "a single sale from each defendant into Pennsylvania (set up by [the plaintiff] in each instance)" constituted an "insufficient" showing of "purposeful availment"); *see also Zhang v. AAGGO*, No. 2:25-CV-85, 2025 WL 1158909, at *4 (W.D. Pa. Apr. 21, 2025) ("'Numerous' claim-related sales and

---

[1] In *Forcel*, the Court determined the following jurisdictional evidence was insufficient to establish personal jurisdiction: (a) screengrabs showing that the "Defendants' infringing products [were] *deliverable* to Pennsylvania addresses" (emphasis added); and (b) non-"arms-length" purchases by Forcel, its counsel, or its agents that were made "to create personal jurisdiction." *Forcel*, 2025 WL 1665586, at *2.

shipments of the infringing product at issue here were made within the Commonwealth of Pennsylvania, and specifically to Bellevue, Sunbury, Hanover, Pittsburgh, and Newtown, PA within the Western District. Because Defendants made actual, documented sales to the forum, this constitutes the purposeful availment of doing business in the Commonwealth of Pennsylvania.").

4. Plaintiff must explain how all Defendants are properly joined pursuant to Fed. R. Civ. P. 20 and show cause why each Defendant, or certain of them, should not be dropped or severed pursuant to this Court's authority under Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Plaintiff shall bear in mind this and other courts' admonishment that allegations of parallel acts of infringement connected by "conclusory assertions" of relatedness (*e.g.*, appearance of an "interrelated group of infringers," "similar irregularities," communications among alleged infringers via group chats, etc.) are insufficient to show proper joinder. *Focel*, 2025 WL 1665586, at *3 ("These are conclusory assertions unsupported by sufficient facts, and do not convince the Court that there is a connection among Defendants—certainly not *all* 103 Defendants. 'It's not enough to suggest that sometimes there are things that link some of the defendants together.'" (quoting *Toyota Motor Sales, U.S.A., Inc. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 24-cv-9401, ECF 27 at 3 (N.D. Ill. Nov. 18, 2024))); *Qian v. Individuals, Corps., Ltd. Liab. Companies, P'Ships, & Unincorporated Ass'ns Identified on Schedule A to Complaint*, No. 2:25-CV-00184, 2025 WL 1868052, at *6 (W.D. Pa. July 7, 2025) ("It is well established that simply

3

committing the same type of violation in the same way does not link defendants together for the purposes of joinder." (cleaned up)).

5. Plaintiff must state whether Plaintiff has availed itself of the involved online platforms' "takedown" feature regarding Defendants' alleged infringement. Plaintiff is directed to supply supporting evidence of communications between Plaintiff and the online platforms relevant to such online platforms' takedown process, and to explain whether (and why) Plaintiff believes that such feature is inadequate to prevent irreparable harm.

6. Plaintiff and the Opposing Defendants shall file a copy of any business solutions agreement(s) (referenced at the July 29th hearing) between themselves and the involved online platforms.

Dated:        July 31, 2025

                                                    */s/ W. Scott Hardy*
                                                    United States District Judge

cc/ecf:        All Counsel of Record