UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HU HAOLIN,

Plaintiff,

v.

ALAB STORE, et al.,

Defendants.
_____/

Civil Action No. 2:25-cv-00878-WSH

Judge W. Scott Hardy

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND DISMISS COUNTERCLAIMS [DKT. 47]**

Answering Defendants Bubble Queen, AYHome, DH household products, JONEG, Dolanus USA, Beria, Getatoy, SVNVIOZ US, GOOENG, wistism, ivyholk, Jugaad Life, ULEEN Technology Co. Ltd, Qicoqico, and BMONATY (collectively, the "Answering Defendants"), by and through undersigned counsel, respectfully oppose Plaintiff's Motion to Strike and/or Dismiss Counterclaims [Dkt. 47] pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6). In support thereof, Answering Defendants state as follows:

### I. INTRODUCTION

Plaintiff's Motion seeks to strike Answering Defendants' counterclaims for Declaratory Judgment of Non-Infringement (Count I) and Invalidity of Plaintiff's Trademark (Count II) [Dkt. 42] as "bare" and "unsupported." However, the counterclaims are properly pled, incorporating factual allegations from the Answer, and state plausible claims for affirmative relief. They are not redundant, immaterial, or scandalous under Rule 12(f), nor do they fail plausibility under Rule 12(b)(6).

## II. LEGAL STANDARD

### A. Rule 12(f) - Motion to Strike

Rule 12(f) allows striking "immaterial, impertinent, or scandalous matter." "While the purpose of this rule is to expedite the administration of justice, a motion to strike is not a favored motion, as it proposes a drastic remedy." *See Fed. Nat'l Mortg. Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ill. 1990). "[T]he issue of validity may be raised by a counterclaim in an infringement suit." *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93 (1993).

### B. Rule 12(b)(6) - Failure to State a Claim

A complaint (or counterclaim) must provide a "short and plain statement" showing entitlement to relief, with plausible facts, not mere conclusions. Fed. R. Civ. P. 8(a). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In trademark cases, declaratory counterclaims for non-infringement/invalidity are plausible if alleging facts like genericness or no confusion. *See Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014).

## III. ARGUMENT

### A. The Counterclaims Should Not Be Struck Under Rule 12(f).

The counterclaims are material and pertinent, seeking declaratory relief on non-infringement and invalidity—core issues. They are not redundant. While defenses negate liability, counterclaims provide affirmative judgments, binding post-dismissal and preventing relitigation. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93 (1993) (invalidity counterclaims survive non-infringement findings). In *Cardinal*, the Supreme Court differentiated the invalidity defense and counterclaim and stated, "[i]n *Altvater,* as here, the defendant *did* file a

counterclaim seeking a declaratory judgment that the patent was invalid." "The District Court found no infringement, but also granted the declaratory judgment requested by the defendant." *Id*. "The Court of Appeals affirmed the noninfringement holding but, reasoning that the validity issue was therefore moot, vacated the declaratory judgment." *Id*. "We reversed." *Id.* "Though the decision of noninfringement disposes of the bill and answer, it does not dispose of the counterclaim which raises the question of validity. . . . [T]he issue of validity may be raised by a counterclaim in an infringement suit." *Id*., quoting 319 U. S., at 363-364.

Similarly, the non-infringement claim shall not be stricken. The Counterclaim deserves to be treated as an independent pleading, instead of being ancillary to Plaintiff's Complaint.

## B. The Counterclaims State Plausible Claims Under Rule 12(b)(6)

### 1. Count I: Declaratory Judgment of Non-Infringement

The counterclaim alleges no likelihood of confusion, as Answering Defendants' use is descriptive, not source-identifying. This states a plausible claim under Lanham Act § 43(a). *Fortres Grand*, 763 F.3d at 701.

### 2. Count II: Declaratory Judgment of Invalidity

The counterclaim alleges "ROCKET BUBBLE" is generic/descriptive without secondary meaning, failing distinctiveness. This plausibly challenges validity under § 43(a). *Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763, 768 (1992) (descriptive marks need secondary meaning).

The counterclaims meet *Twombly/Iqbal*, providing fair notice.

## C. Alternatively, Amendment Shall Be Allowed

Alternatively, Answering Defendants request that the Court allow them to amend the Counterclaim if Plaintiff's motion is granted.

### IV. CONCLUSION

For the foregoing reasons, Answering Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety. Alternatively, Answering Defendants request that the Court allow them to amend the Counterclaim if Plaintiff's motion is granted

Dated: August 23, 2025

                                          Respectfully submitted,

                                        /s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliuclaw@gmail.com
Counsel for Answering Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on all counsel of record on August 23, 2025.

                                        /s/ Jianyin Liu
Jianyin Liu, Esq.