**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HU HAOLIN,**<br><br>Plaintiff,<br><br>v.<br><br>**ALAB STORE, *et al.*,**<br><br>Defendants. | Civil Case No.: 2:25-cv-878<br><br>Honorable Judge W. Scott Hardy |

**DEFAULT JUDGMENT ORDER AND PERMANENT INJUNCTION**

This action having been commenced by Plaintiff Hu Haolin ("PLAINTIFF") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint ("Defendants") (Dkt. No. 2), and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A to the Complaint (the "Defendant Internet Stores"), and PLAINTIFF having moved for a Default Judgment Order and Permanent Injunction against the defendants identified on Schedule A, attached hereto, who have defaulted and not yet been dismissed from this case (collectively, "Defaulting Defendants");

PLAINTIFF having properly completed service of process on Defaulting Defendants pursuant to this Court's Order Granting Alternative Service (Dkt. Nos. 8, 14), by providing notice via electronic publication and/or e-mail to the e-mail addresses identified through third-party online commerce platform discovery associated with each Defaulting Defendant's respective seller alias, such e-mail addresses being the only reliable means of contact available given Defaulting Defendants' apparent foreign origin and deliberate concealment of their true identities and true physical addresses; the Court having previously found, and hereby reaffirming, that service by electronic publication and/or e-mail was reasonably calculated under all circumstances to apprise

Defaulting Defendants of the pendency of this action and to afford them a meaningful opportunity to answer and present their objections, which several Defendants did, and it is consistent with the constitutional requirements of due process; and the Court therefore finding that service was constitutionally sufficient and fully satisfies the requirements of Federal Rule of Civil Procedure 4(f)(3);

Defaulting Defendants not having answered or otherwise appeared in this action, and the time for answering having expired; the allegations of the Complaint accordingly being uncontroverted and deemed admitted for purposes of this proceeding;

This Court having considered PLAINTIFF's Motion for Default Judgment and Permanent Injunction, the Certificates of Service, the Entries of Default by the Clerk of the Court (Dkt. Nos. 72, 86), and all other pleadings and papers on file in this action;

Accordingly, PLAINTIFF's Motion for Default Judgment Order and Permanent Injunction is GRANTED, and this Default Judgment Order and Permanent Injunction is entered against Defaulting Defendants.

## I. LIABILITY AND DAMAGES

A. The Court finds that it has personal jurisdiction over each and every Defaulting Defendant on two independent and alternative grounds, either of which is independently sufficient. First, specific personal jurisdiction exists because the record, including sworn declarations and screenshot evidence (Dkt. Nos. 2-5), together with the uncontroverted and admitted allegations of the Complaint, establishes that Defaulting Defendants are foreign-based operators of fully interactive, commercial e-commerce stores who have purposefully directed their infringing business activities at the United States, including this District. Specifically, each Defaulting Defendant,

without compulsion, affirmatively chose to configure its online store to: (i) conduct business in the English language; (ii) transact in United States dollars; (iii) list, advertise, and offer for sale products infringing and counterfeiting PLAINTIFF's federally registered trademark ROCKET BUBBLE (the "PLAINTIFF Mark") to United States consumers, including Pennsylvania consumers; (iv) hold itself out as ready, willing, and able to sell and ship such products to purchasers in the United States, including Pennsylvania; and (v) operate a fully interactive commercial storefront — not a passive website — through which United States consumers, including Pennsylvania residents, could complete purchases of infringing and counterfeit goods. The Court finds that this deliberate configuration constitutes purposeful direction at this forum, that the claims in this action arise directly out of and relate to Defaulting Defendants' forum-directed activities of advertising, offering for sale, selling, and/or shipping infringing and counterfeit products to consumers in this District, and that Defaulting Defendants — having voluntarily structured their entire commercial operation to reach and transact with U.S. consumers, including Pennsylvania consumers — cannot now claim surprise at being haled into a United States federal court. The exercise of personal jurisdiction over each Defaulting Defendant is consistent with due process and with traditional notions of fair play and substantial justice.

B. The Court further finds that Defaulting Defendants are liable for willful trademark infringement and counterfeiting. The record establishes, and the uncontroverted and admitted allegations of the Complaint confirm, that Defaulting Defendants advertised, offered for sale, sold, and/or shipped infringing and counterfeit products bearing or otherwise under PLAINTIFF Mark without authorization. Defaulting Defendants' anonymity and deliberate concealment of their identities further support an inference of willfulness.

C. Pursuant to 15 U.S.C. § 1117(c), PLAINTIFF is awarded statutory damages from each of the Defaulting Defendants in the amount of $50,000.00, including for willful infringement and counterfeiting of PLAINTIFF Mark on products sold through at least the Defaulting Defendants' Internet Stores.

D. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Stripe, Alipay, Walmart, Alibaba, SHEIN, AliExpress, Wish.com, Temu, Ant Financial Services Group ("Ant Financial"), and Amazon.com / Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph C above) or other of Defaulting Defendants' assets.

E. All monies (up to the amount of statutory damages awarded in Paragraph C above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Stripe, SHEIN, Temu, Walmart, Alipay,

Alibaba, Wish.com, Ant Financial, and Amazon.com / Amazon Pay, are hereby released to PLAINTIFF as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Stripe, Temu, SHEIN, Walmart, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon.com / Amazon Pay, are ordered to release to PLAINTIFF the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

F. Until PLAINTIFF has recovered full payment of monies owed to it by Defaulting Defendants, PLAINTIFF shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

G. In the event that PLAINTIFF identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, PLAINTIFF may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by third parties.

## II. PERMANENT INJUNCTION

H. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the PLAINTIFF Mark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product, including any product that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Mark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PLAINTIFF product or any other product produced by PLAINTIFF, that is not PLAINTIFF's or not produced under the authorization, control, or supervision of PLAINTIFF and approved by PLAINTIFF for sale under the PLAINTIFF Mark;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale, and which bear or otherwise utilize the PLAINTIFF Mark, or any reproductions, counterfeit copies, or colorable imitations.

I. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at PLAINTIFF's choosing:

a. transfer the Defendant Domain Names to PLAINTIFF's control, including unlocking and changing the registrar of record for the Defendant Domain Names

to a registrar of PLAINTIFF's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of PLAINTIFF's selection; or

b. disable the Defendant Domain Names and make them inactive and untransferable.

J. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., SHEIN, AliExpress, Stripe, Temu, PayPal, Walmart, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing or counterfeit goods using the PLAINTIFF Mark; and

   b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing or using the PLAINTIFF Mark or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Mark.

K. Upon PLAINTIFF's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph J, shall within seven (7) calendar days after receipt of

such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing or counterfeit goods using the PLAINTIFF Mark.

SO ORDERED.

SIGNED this 21st day of June, 2026

/s/ W. Scott Hardy
UNITED STATES DISTRICT JUDGE

**Schedule A – Defaulting Defendants**

| No. | Defendant | Seller ID | Platform |
|---|---|---|---|
| 1 | Alab store | A1FD0J53EKTND1 | Amazon |
| 3 | BAOWAUS | A1QT1QJ6V7PJNQ | Amazon |
| 4 | Bargain79 | A32L16U7HKEO47 | Amazon |
| 6 | Aaqib Bashir Int | A2SG6VNZ6GOXLF | Amazon |
| 10 | Dispense Without Expense | A3CO9SNAE8KYBS | Amazon |
| 13 | DOSCOR | AF83KY4FZ9EXQ | Amazon |
| 14 | Ed shopping | A2NZDKLDLTT85U | Amazon |
| 17 | Event Workflow Solutions | A38UT0A5XVWRSJ | Amazon |
| 18 | Faratstore | A3R6TP6H145YEQ | Amazon |
| 21 | Full Home Basics | A16QH7BWK4TBGY | Amazon |
| 23 | Acron US | A1QAJ320F8HNHU | Amazon |
| 25 | Hakimi 88 | AV9SPLY7HMJHE | Amazon |
| 30 | Josette99 | A2OQTGOMQSAR4Q | Amazon |
| 32 | Kerryhwz | A2NMEXRZU26N1Z | Amazon |
| 33 | LANIN STORE | A7608TDGHJAD7 | Amazon |
| 35 | Laxier | A3ABYYAX2UVSA1 | Amazon |
| 38 | MAXIMALIST KAROKTER | ABBJ3ME8W1BJW | Amazon |
| 40 | MEET HAPPY | AOSD9FV58FICE | Amazon |
| 42 | NY Wholesaler | A1EVW9DS8NKCI9 | Amazon |
| 43 | Ourhour | A1OU5V27EYUH5D | Amazon |
| 45 | Pure Vibe Prime Goods | A252PN62MD55M9 | Amazon |

| | | | |
|---|---|---|---|
| 46 | Rosy Dawn | A27ED96BM71JDO | Amazon |
| 47 | roundki | A31JXTS8QK0QWE | Amazon |
| 48 | SHARMA STORE AND ANTIQUES | A3O7BWMK33PE2X | Amazon |
| 51 | UNIQUE_DEVIDED | AD8X4L7PSZU6C | Amazon |
| 54 | yepengchengy | A1QKZAC9UNLCF3 | Amazon |
| 57 | zqll | A2KR732PUT1JJQ | Amazon |
| 58 | 无尘 | A27HYC73SE9MPA | Amazon |
| 59 | The Original Caris | A16MGWUHNB8FXM | Amazon |
| 61 | PATRICIA ES STORE | A1GC71BNHC9XKQ | Amazon |
| 62 | GSFMART | A12ZU070N56TRX | Amazon |
| 63 | Leyeus | A15BG41WYOHBT9 | Amazon |
| 64 | G FIRING | 2520288792 | SHEIN |
| 66 | TesfayeSync | 3412399483 | SHEIN |
| 67 | U. Emporium | 7203164689 | SHEIN |
| 68 | WINWING | 6169782431 | SHEIN |
| 69 | Tatsuteru toys Marketplace | 8447660053 | SHEIN |
| 70 | Aplusmax | 2054846193 | SHEIN |
| 71 | su perdida | 9748355074 | SHEIN |
| 72 | CQSSJP Marketplace | 3908485156 | SHEIN |
| [redacted] | [redacted] | [redacted] | [redacted] |
| 80 | SWD TOY | 634418220536757 | TEMU |
| 82 | YT BAO | 634418221069467 | TEMU |
| 84 | AOKESI | 101112072 | Walmart |

| | | | |
|---|---|---|---|
| 87 | chengyoulei | 102617715 | Walmart |
| 88 | chuanke | 102768203 | Walmart |
| 90 | dalkjhsdij | 102753876 | Walmart |
| 91 | DaoJiaoZhouKeJi | 102816147 | Walmart |
| 92 | DDTT.LTD | 102486264 | Walmart |
| 93 | Dina Alldredge | 102751388 | Walmart |
| 97 | Giftware and Table Top | 11603 | Walmart |
| 101 | huangpibiao | 102770551 | Walmart |
| 103 | JHOMERIT | 101588038 | Walmart |
| 108 | Julie Cuellar | 102751586 | Walmart |
| 114 | LGAIKEJKH | 101624718 | Walmart |
| 115 | Linlanshop | 102754852 | Walmart |
| 118 | Patricia Brown | 102751067 | Walmart |
| 120 | ShiCaiMaoYi | 102745063 | Walmart |
| 121 | SJT store | 102735667 | Walmart |
| 122 | SONGDIAN | 101693754 | Walmart |
| 125 | sunnny | 102759850 | Walmart |
| 126 | SUPER JOY | 101186139 | Walmart |
| 128 | TradeCoins | 102796801 | Walmart |
| 129 | TreeStone | 101091578 | Walmart |
| 132 | VAKYOL | 101598196 | Walmart |
| 134 | WEIEN TOY | 101679236 | Walmart |
| 136 | zhangzhang5200 | 102823817 | Walmart |

| | | | |
|---|---|---|---|
| 141 | xiaoleidianzishangwu | 102516398 | Walmart |
| 146 | yun xia | 102782584 | Walmart |
| 149 | ZhachongCo., Ltd | 102770517 | Walmart |